UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61461-CIV-HUNT

JEFFREY RICHARD SALIMBENE,

Plaintiff,

vs.

U.S. DEPARTMENT OF EDUCATION,

Defendant.

_______________________________/

**ORDER**

This cause is before this Court upon Plaintiff Jeffrey Richard Salimbene's Motion for Default Judgment ("Motion"). ECF No. 7. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11 and is before this Court upon the Parties' consent. ECF No. 5. Upon thorough and careful review of the pleadings, the applicable law, and being otherwise fully advised in the premises, the undersigned DENIES the Motion.

Plaintiff brought this action for writ of mandamus and breach of contract against Defendant United States Department of Education. *See* ECF No. 1. As alleged, this action is related to Plaintiff's outstanding federal student loans. *See id*. Plaintiff seeks mandamus relief, injunctive relief, a declaratory judgment, and monetary relief "in the amount of $10,000 or whatever the court deems quantum meruit for the extensive time [Plaintiff has] spent on this issue." *Id.* at 2–3.

In the instant Motion, Plaintiff moved for entry of default judgment. ECF No. 7. Defendant opposed, arguing that Defendant "has not been properly served" and Plaintiff "bypass[ed] the necessary precondition of a clerk's entry of default." ECF No. 8 at 1.

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. The rule states, in relevant part, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default is a "prerequisite to a default judgment." *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004), *aff'd*, 151 F. App'x 860 (11th Cir. 2005). Because Plaintiff never obtained entry of default by the Clerk, the Motion is "premature." *Benson v. DeSantis*, No. 8:22-CV-1955-WFJ-MRM, 2022 WL 18927026, at *2 (M.D. Fla. Dec. 12, 2022) (denying motion for default judgment because default had not been entered as to any defendant). Upon consideration, it is hereby ORDERED that the Motion, ECF No. 7, is DENIED without prejudice to refile.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on the 4th day of February 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Jeffrey Richard Salimbene
3604 W. Bell Dr.
Davie, FL 33328
PRO SE