**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-61461-CIV-HUNT**

**JEFFREY-RICHARD SALIMBENE,**

**Plaintiff,**

**v.**

**U.S. DEPARTMENT OF EDUCATION,**

**Defendant.**

## DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Defendant, the United States Department of Education, by and through the undersigned Assistant United States Attorney, and hereby files this Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5). As detailed herein, Plaintiff failed to properly serve the Defendant within the time prescribed by the Federal Rules of Civil Procedures. Further, even if Plaintiff had properly served the Defendant, his claims fail to state a claim upon which relief can be granted and fail to properly allege a waiver of sovereign immunity, thus depriving this Court of subject matter jurisdiction.

## STANDARD OF REVIEW

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). Federal district courts are courts of limited jurisdiction: "[t]hey possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardia Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citation omitted). It is well-settled that the party invoking federal

jurisdiction bears the burden of proving its existence. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.").

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction either factually or facially. *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008); *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.,* 501 F.3d 1244, 1251 (11th Cir. 2007). With respect to a facial challenge, the allegations in the complaint are assumed to be true by the court, which then must determine whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Id*. (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). And with respect to a factual challenge, a "district court [may] consider extrinsic evidence such as testimony and affidavits." *Hoban v. Sovereign Republic of Peru*, 204 F. Supp. 3d 1368, 1370 (S.D. Fla. 2016). "Since [a factual challenge] implicates the fundamental question of a trial court's jurisdiction, a 'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case' without presuming the truthfulness of the plaintiff's allegations." *Makro Capital*, 543 F.3d at 1258 (quoting *Morrison v. Amway Corp.*, 323 F.3d at 925 (11th Cir. 2003)).

## ARGUMENT

### I. PLAINTIFF FAILED TO TIMELY SERVE DEFENDANT

Under Rule 12(b)(2), a court must dismiss a case if it lacks personal jurisdiction over a defendant. A plaintiff must satisfy "the procedural requirement of service" for a federal court to exercise personal jurisdiction over a defendant*. Managed Care Advis. Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1156 (11th Cir. 2019) (quotation omitted). Thus "where service

of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)

A court may also dismiss an action under Rule 12(b)(5) for insufficient service of process. *See Rhodes v. Wilkie*, 2019 WL 3934451, at *2 (M.D. Fla. Aug. 20, 2019) ("A defendant may move for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5)."). Initially, the defendant "must describe with specificity how the service of process failed to meet the procedural requirements" of Federal Rule of Civil Procedure 4. *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1181 (S.D. Fla. 2012) (quotation omitted). The burden then shifts to the plaintiff to show proper service of process. *Id.* Here, in order to properly serve Defendant, the United States Department of Education (DOE), Plaintiff was required to both serve the federal agency (in this case DOE) ***and*** serve the United States, including serving the United States Attorney for the Southern District of Florida and providing a copy to the Attorney General. *See* Fed. R. Civ. P. 4(i)(1), 4(i)(3). Plaintiff did not perfect service in this case because he did not serve the U.S. Attorney's Office for the Southern District of Florida until May 8, 2026, long after the 90-day period expired under Rule 4(m) of the Federal Rules of Civil Procedure.[1] Additionally, it does not appear Plaintiff has served the Attorney General to date. Accordingly, the burden shifts to Plaintiff to show that service was proper.

---

[1] While the Rules also require the Court to extend the time for service upon a good cause showing by the Plaintiff, Plaintiff has not shown good cause or requested an extension of time for service, even after Defendant pointed out the deficient service in its Response in Opposition to Plaintiff's Motion for Default Judgment in December of 2025. [D.E. 8].

Plaintiff cannot do so. Because there was no effective service of process on the Defendant, this Court should dismiss the Complaint on this alternative ground. *See Rhodes*, 2019 WL 3934451 (dismissing complaint for failure to properly serve federal defendant); *Thomas v. Box*, 231 F. App'x 858, 860 (11th Cir. 2007) (same).

## II. THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S COMPLAINT

Even if the Court overlooks the service issues and proceeds to the merits of Plaintiff's Complaint, it is clear that there is no subject matter jurisdiction over Plaintiff's claims.

### A. Plaintiff has not Alleged a Waiver of Sovereign Immunity.

To start, the United States enjoys sovereign immunity and "cannot be sued without its consent." *United States v. Navajo Nation*, 556 U.S. 287 (2009). A waiver of sovereign immunity "must be unequivocally expressed." *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002).

Plaintiff titles his Complaint "Complaint for Writ of Mandamus and/or injunctive relief seeking Declaratory Judgment," and cites mandamus and Administrative Procedures Act (APA) statutes to attempt to establish jurisdiction. [D.E. 1]. However, under the partial waiver of sovereign immunity codified in the Higher Education Act (HEA), 20 U.S.C. § 1082, it is clear that injunctive relief is not available against the DOE:

> (a)General powers. In the performance of, and with respect to, the functions, powers, and duties, vested in him by this part, the Secretary may—
> . . .
> (2) sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy, and action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office; **but no attachment, injunction, garnishment, or other similar process, mesne or**

> **final, shall be issued against the Secretary or property under the Secretary's control...**

20 U.S.C. § 1082 (emphasis added). Additionally, declaratory and mandamus relief are also prohibited if they seek to accomplish what injunctive relief would accomplish. *American Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1254 (9th Cir. 1999). Plaintiff's request for cessation of collections is coextensive with a request for injunctive relief. *Green v. United States,* 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000) ("An action that seeks to prohibit the government from collecting a debt seeks injunctive relief . . . .").

Further, to the extent that Plaintiff is seeking relief under the APA, the APA does not independently confer jurisdiction on district courts; rather it prescribes standards for judicial review of an agency action once jurisdiction is otherwise established. *See Garriga v. Hackbarth*, 548 F. App'x 559 (11th Cir. 2013). Under the APA, agency action is subject to judicial review only when it is either: (1) made reviewable by statute; or (2) a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Until an agency decision or action becomes "final," the APA does not provide a valid basis for subject matter jurisdiction in a district court. *See id.* Plaintiff here has not alleged that there is a final agency action for the Court to review and therefore, the APA is inapplicable and does not confer jurisdiction on this Court. The Court, therefore, is without jurisdiction to entertain this request for relief, which, consequently, must be dismissed.

**B. Breach of Contract Claims are not Proper Here.**

To the extent the Plaintiff is attempting to bring a breach of contract claim, as that is title of the sole count in Plaintiff's Complaint, [D.E. 1 at p. 2], such claim fails for multiple reasons. First, the Tucker Act (28 U.S.C. § 1491(a)(1) and the Little Tucker Act (28 U.S.C. § 1346(a)(2)), waive sovereign immunity for certain contract disputes against the United States. *See United States*

*v. Mitchell*, 463 U.S. 206, 216 (1983). The Tucker Act and Little Tucker Act were created as a means to provide a judicial avenue for monetary claims related to contract disputes against the United States. 28 U.S.C. § 1491. Pursuant to the Tucker Act, the Federal Court of Claims has exclusive jurisdiction over claims exceeding $10,000 against the United States. *Id.* The "Little" Tucker Act grants district courts concurrent jurisdiction with the Federal Court of Claims for certain contract disputes against the United States. 28 U.S.C. § 1346. "A Plaintiff cannot avoid the jurisdictional limitations of the Tucker Act… by artful pleading." *Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2004), *citing Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C.Cir.1982). "[A] plaintiff whose claims against the United States are essentially contractual should not be allowed to avoid the jurisdictional (and hence remedial) restrictions of the Tucker Act by casting its pleading in terms that would enable a district court to exercise jurisdiction under a separate statute." *Id.*

To challenge a debt with the government under the Little Tucker Act, a borrower must pay the contested debt and seek a refund. *See Johnson v. United States*, 105 Fed. Cl. 85, 95-96 (2012). In *Johnson*, a student loan borrower brought a breach of contract action against the United States, asserting several issues with the administration of his federal loans, and seeking to have portions of his outstanding student loan debt cancelled. 105 Fed. Cl. at 87-90. Although the borrower sought monetary damages, he failed to identify any "injury that would require the government to pay him damages." *Id.* at 95. His "sole grievance" was that "the government . . . illegally increased his preexisting debt." *Id.* The court held that the request for cancellation of debt did not constitute the requisite monetary damages necessary to invoke jurisdiction under the Little Tucker Act:

> [E]ven if [the borrower] were to prove that a portion of his debt is unjustified, he would still owe a substantial outstanding balance to the Department of Education. [He] consequently has no grounds to

> demand a refund of payments already made and thus no claim for monetary damages.

*Id*. Because the most the borrower could have hoped to achieve was "to obtain a discharge of the allegedly improper portion of his debt," the court dismissed the action for lack of jurisdiction. *Id.* at 95-96.

Similarly, in *Valentino v. U.S. Dept. of Educ.*, 2009 WL 2985686, at *2 (S.D. Cal. Sept. 16, 2009), a student loan borrower filed suit against Education, alleging the amount of her student loan debt was miscalculated. *Id.* at *1. The court held it lacked jurisdiction to hear the claims because, even if successful, they would not result in the receipt of money damages from the government:

> [T]he record demonstrates that Plaintiff still owes substantial amounts on the loans and that the [United States] [T]reasury will be the net beneficiary upon receipt of outstanding principal and interest payments. Plaintiff simply fails to identify any circumstances under which she will obtain monies from the public fisc.

*Id.* at *3.

This case is the same as *Johnson* and *Valentino.* Plaintiff cannot assert jurisdiction under the Little Tucker Act because he does not bring a monetary claim against the government. Instead, he asserts an equitable claim: "I humbly request a declaratory judgment that no legally enforceable contract exists between the Plaintiff and Defendant and that any attempts by Defendant to enforce such contract are unlawful." [D.E. 1 at p. 2-3]. Plaintiff's request for relief, while styled as declaratory, is injunctive in nature, as it seeks to preclude any future action on Plaintiff's indebtedness. "An injunction is a coercive order by a court directing a party to do or refrain from doing something and applies to future actions. A declaratory judgment states the existing legal rights in a controversy but does not, in itself, coerce any party to enjoin any future action." *Neili v. Foster-bey*, 2016 WL 6403643, at *3 (E.D. Va. 2016); *Ulstein Marine, Ltd. v. United States*, 833 F.2d 1052, 1055 (1st Cir. 1987). Declaratory relief is prohibited if it seeks to accomplish what

injunctive relief would accomplish. *American Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1254 (9th Cir. 1999); *see Green v. United States,* 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000) ("An action that seeks to prohibit the government from collecting a debt seeks injunctive relief . . . ."). Additionally, Plaintiff cannot establish jurisdiction under the Little Tucker Act because the amount in controversy is over $35,000, *see* Declaration of Anthony Lowery, attached as **Exhibit A**, which is over the statutory limit of $10,000. The Little Tucker Act does not allow a district court to consider a claim this size or one for equitable relief. *See Justice*, 2020 WL 2549701, at *3 (finding no jurisdiction to consider purported contract with value over $10,000). Even if the Complaint set forth a viable claim, the jurisdiction for such claim would be exclusive before the Court of Claims. Accordingly, the Court lacks subject matter jurisdiction to consider Plaintiff's claim, and it must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests that the Court dismiss this case in its entirety for Plaintiff's failure to timely and properly serve the Defendant and for lack of jurisdiction.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**United States Attorney**

By: **/s/ Kelsi R. Romero**
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
Special Bar No. A5502758
500 East Broward Blvd, Suite 700
Fort Lauderdale, Florida 33394
Tel. (954) 660-5694
E-mail: Kelsi.Romero@usdoj.gov