**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-61461-CIV-HUNT**

**JEFFREY-RICHARD SALIMBENE,**

**Plaintiff,**

**v.**

**U.S. DEPARTMENT OF EDUCATION,**

**Defendant.**
_____________________________________/

**DECLARATION OF ANTHONY LOWERY**

Pursuant to 28 U.S.C. § 1746, I, ANTHONY LOWERY, hereby declare and state as follows:

1. I am a Loan Analyst in the Office of Federal Student Aid ("FSA"), U.S. Department of Education ("Education"). I have held this position since February 2025.

2. As a Loan Analyst, I assist Education's Office of the General Counsel, U.S. Department of Justice, and U.S. Attorney's Offices with Federal District litigation involving student loans. The litigation support provided includes, but is not limited to, the following: (1) providing background information on the individual's loan history (including repayment history and forbearance/deferment history) and loan programs; (2) preparing responses to discovery requests, providing responses to interrogatories and requests for production of documents; (3) providing information regarding repayment options available to borrowers; (4) providing testimony to the actual case either in person or by submission of a declaration/affidavit; and (5) facilitating settlement.

3. In the course of performing my responsibilities, I have knowledge of the various types of loans authorized by Title IV of the Higher Education Act ("HEA") of 1965, as amended, and made by banks, by institutions of higher education, and by Education itself, and now held by Education. I am familiar with how Education receives information and creates and maintains records related to those loans, the repayment plans and deferment/forbearance options available to Title IV borrowers, and the administrative discharge options offered pursuant to the HEA.

4. In order to fulfill my responsibilities, I have access to the National Student Loan Database System ("NSLDS"), a computer database that includes information on all outstanding loans made pursuant to Title IV of the HEA, as well as a large body of loans made and paid off before inception of the NSLDS in 1994. This information is derived from regular reports to Education from the holders of the loans, including Education itself, based on the holder's regularly maintained records on these loans. The most accurate information regarding a loan, however, comes from the current holder of the loan.

5. As a Loan Analyst, I am also familiar with, and have access to, various other loan records maintained by Education and created by Education and prior holders regarding defaulted, federally financed student loans that Education holds. In addition to the electronic records already described, these loan records include documents such as the application and promissory notes, guaranty claims, correspondence, payment records, and other records that evidence transactions between the borrower and the holders of his or her loan, including Education and the original lender, and, for guaranteed loans, the loan guarantor, servicer, and secondary market

6. My review of Education records pertaining to Plaintiff in this matter, Jeffrey R. Salimbene, revealed the following to be true as of the date of this Declaration:

a. On February 27, 2009, Jeffrey R. Salimbene executed an electronic Endorser Addendum to a Master Promissory Note ("MPN") that secured multiple Federal Stafford Loans under the Federal Family Education Loan Program (FFELP).

b. Plaintiff's social security number and date of birth are legible on the MPN.

c. Plaintiff received a total of four (4) FFELP loans pursuant to this MPN in connection with his attendance at University of Central Florida and Florida Atlantic University.

d. The FFELP lender, Wells Fargo Bank, made disbursements on these loans as follows:

| NSLDS Loan Number | Date Disbursed | Amount |
|---|---|---|
| 1 | March 2, 2009 | $5,500.00 |
| 2 | March 2, 2009 | $7,000.00 |
| 3 | January 28, 2010 | $5,000.00 |
| 4 | January 28, 2010 | $5,500.00 |

e. Plaintiff's total principal indebtedness to Wells Fargo Bank as a result of these loans was $23,000.

f. Plaintiff has made numerous payments on these loans since their disbursement.

g. These payments were applied first to accrued interest and then to the principal amount.

h. Plaintiff's loans were purchased by Education from Wells Fargo Bank on or about April 23, 2010, and defaulted on August 8, 2025.

i. Including unpaid accrued interest and principal, the total balance due to Education on these defaulted loans as of June 10, 2026, is $32,721.61 in outstanding principal and $5,758.13 in outstanding interest.[1]

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 7th day of July, 2026.

ANTHONY LOWERY
Loan Analyst
Federal Student Aid
U.S. Department of Education

[1] Plaintiff's current outstanding principal amount is greater than the original principal amount due to interest capitalization that occurred at the end of each of Plaintiff's periods of forbearance. Accrued interest during periods of forbearance not paid by the borrower is capitalized and added to the principal at the end of the forbearance period. 34 C.F.R. § 682.211(e)(2)(iii), (v).